Mitchell J. Popham, SBN 126194
mpopham@lockelord.com
Kelly S. Sinner, SBN 252515
ksinner@lockelord.com
**LOCKE LORD BISSELL & LIDDELL LLP**
300 South Grand, Suite 800
Los Angeles, CA 90071-3119
Telephone:     213.485.1500
Facsimile:     213.485.1200

Attorneys for Plaintiff
**GREAT AMERICAN LIFE INSURANCE COMPANY**

FILED
2008 FEB 14 PM 12:20
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'08 CV 0291 WQH BLM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN LIFE INSURANCE COMPANY, an Ohio corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MARJORIE ANN BROCK, an individual; MARJORIE ANN BROCK, as trustee of the BROCK FAMILY TRUST OF 1989; MARJORIE ANN BROCK, as trustee of the MILON L. BROCK AND MARJORIE ANN BROCK LIVING TRUST DATED DECEMBER 15, 2004; MARJORIE ANN BROCK, as executor of the ESTATE OF MILON LYLE BROCK; and DOES 1 through 10, Inclusive, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR INTERPLEADER AND INJUNCTIVE RELIEF** |

_Locke Lord Bissell & Liddell LLP_
_300 South Grand Avenue, Eighth Floor_
_Los Angeles, CA 90071-3119_

## <u>NATURE OF CLAIM</u>

1.     Plaintiff Great American Life Insurance Company ("GALIC") brings this complaint for interpleader and injunctive relief against Marjorie Ann Brock, an individual ("Owner"), Marjorie Ann Brock, in her capacity as Trustee for the Brock Family Trust of 1989 ("1989 Trust"), Marjorie Ann Brock, in her capacity as Trustee for the Milon L. Brock and Marjorie Ann Brock Living Trust

1  dated December 15, 2004 ("2004 Trust"), Marjorie Ann Brock, in her capacity as Executor of the

2  Estate of Milon Lyle Brock ("Estate"), and DOES 1 through 10, inclusive, regarding a dispute over

3  who should receive death benefits under a particular life insurance policy.

**PARTIES**

5      2.      GALIC is a corporation organized and existing under the laws of the State of Ohio

6  with its principal place of business in the State of Ohio.

7      3.      On information and belief, defendant Marjorie Ann Brock[1] is an individual residing

8  in San Diego County, California, is the spouse of the decedent insured, and is the owner of the

9  subject life insurance policy.

10      4.      On information and belief, defendant Marjorie Ann Brock is an individual residing in

11  San Diego County, California and has been appointed as the Trustee for the 1989 Trust, which is

12  listed as the primary and only beneficiary of the subject life insurance policy.

13      5.      On information and belief, defendant Marjorie Ann Brock is an individual residing in

14  San Diego County, California and has been appointed as the Trustee for the 2004 Trust, which

15  replaced the 1989 Trust.

16      6.      On information and belief, defendant Marjorie Ann Brock is an individual residing in

17  San Diego County, California and has been appointed as the Executor of the Estate of Milon Lyle

18  Brock, the deceased insured.

19      7.      The true names and capacities, whether individual, corporate, associate or otherwise,

20  of Defendant DOES 1 through 10, inclusive, are unknown to GALIC who therefore sues said

21  defendants by such fictitious names.  GALIC will amend this complaint to allege their true names

22  and capacities when ascertained.  GALIC is informed and believes and thereon alleges that each of

23  these fictitiously named defendants is making or has a claim to the funds herein described which is

24  conflicting with the claims of defendants herein and which may subject GALIC to vexatious

25  litigation with respect to such funds.  GALIC is informed and believes and thereon alleges that

26  DOES 1 through 10 are residents and citizens of the State of California.

27  ///

28

[1] On information and belief, Marjorie Ann Brock is also known as "Margie A. Brock."

COMPLAINT FOR INTERPLEADER AND INJUNCTIVE RELIEF

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

## JURISDICTION AND VENUE

8.     The Court has subject matter jurisdiction over this controversy pursuant to the principles set forth in 28 U.S.C. § 1332 (diversity jurisdiction), as the value of the property at issue exceeds $75,000.00, and GALIC is a resident of the state of Ohio, while all defendants are citizens of the state of California.

9.     This Court has personal jurisdiction over this matter in that defendants are making claims regarding an insurance policy issued in California to a California insured.

10.     Venue is appropriately placed in the Southern District of California pursuant to 28 U.S.C. § 1391, as at least one claimant resides in this judicial district.

## FACTS

11.     Decedent Milon L. Brock (the "insured" or "decedent") was the insured under a GALIC life insurance policy, GALIC Policy No. EM2126794, which was issued with an effective date of December 10, 2002 (the "policy"). A true and correct specimen copy of the policy is attached hereto as Exhibit "A"; and the life insurance application as Exhibit "B" (with certain personal information redacted). The policy had a death benefit amount of $1,000,000.00 (One Million Dollars), listed Marjorie Ann Brock as the Owner of the policy, the 1989 Trust as the only primary beneficiary, and did not list any contingent beneficiaries. GALIC is now in the possession and control of the death benefits due under the policy as well as any unprocessed premium, unapplied cash and accrued interest which may apply, the total of which constitutes the total death benefits payable under the policy.

12.     On information and belief, the insured died on or about September 7, 2007, and the death benefits under the policy became due and payable.

13.     Defendants' demands and potential demands upon GALIC for all or part of the money described in paragraph eleven herein are conflicting, including: a demand by the 2004 Trust, a demand by the 1989 Trust, a contention by the 2004 Trust that it has withdrawn its claim, and potential demands by the Owner and the Estate.

14.     GALIC therefore brings this action for interpleader pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 22 in that defendants' conflicting claims and interests subject

3

COMPLAINT FOR INTERPLEADER AND INJUNCTIVE RELIEF

1  GALIC to multiple liability.

2       15.    On or about August 15, 2007, GALIC received correspondence from the insured—

3  not the Owner—informing GALIC that the 2004 Trust was established, and that it replaced the 1989

4  Trust. The insured also stated that the 2004 Trust should be the beneficiary under the policy.

5  However, according to the terms of policy, the Owner of the policy—not the insured—can change

6  the beneficiary, and must do so while the insured is alive.

7       16.    Following the death of the insured, the 2004 Trust made a demand upon GALIC for

8  all or part of the money described in paragraph eleven herein.

9       17.    Subsequent to this demand, Marjorie Ann Brock informed GALIC that the 1989 Trust

10  "does not exist," is "defunct," "terminated," and "replaced" by the 2004 Trust. She again demanded

11  the proceeds of the life insurance policy for the 2004 Trust.

12       18.    On or about December of 2007, a copy of the 1989 Trust was "located," and, on

13  December 20, 2007, Marjorie Ann Brock notified GALIC that the 2004 Trust demand was being

14  withdrawn, replacing it with a demand by the 1989 Trust. The "locating" of the 1989 Trust conflicts

15  with the information earlier provided that the 1989 Trust was "terminated" and "replaced" by the

16  2004 Trust.

17       19.    Upon information and belief, it is unclear whether the 1989 Trust still exists.

18       20.    According to the terms of the policy, if no beneficiary is alive at the time the insured

19  dies, then the Owner would be the beneficiary. The Owner, however, has not yet made a claim for

20  the proceeds under the policy, but remains a potential claimant.

21       21.    The Estate also has not yet made a claim for the proceeds under the policy, but

22  remains a potential claimant.

23       **CLAIM FOR RELIEF**

24       22.    GALIC is unable to determine the validity of the conflicting independent demands

25  made by certain defendants as set forth herein and cannot determine to whom the death benefits due

26  under the policy are payable.

27       23.    GALIC would be subject to multiple liability if the death benefits due under the

28  policy, or any portion thereof, was delivered to any defendants listed herein.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

COMPLAINT FOR INTERPLEADER AND INJUNCTIVE RELIEF

24.    GALIC claims no interest in the death benefits described in paragraph eleven herein and shall deposit the death benefits due under the policy with the clerk of this Court pursuant to Fed. R. Civ. P. Rule 67.

25.    GALIC has incurred costs and reasonable attorney's fee in connection with these proceedings and may incur additional costs and fees hereafter.

**WHEREFORE**, GALIC prays judgment as follows:

(1)    That defendants and each of them be ordered to interplead and litigate their claims to any portion of the benefits due under the policy;

(2)    That GALIC be discharged from liability to each of said defendants with respect to said money described in paragraph eleven of this complaint;

(3)    That an injunction issue pursuant to 28 U.S.C. § 2283 enjoining any pending or future proceedings against GALIC by any and all defendants in any other court related to this matter;

(4)    That GALIC be awarded costs and reasonable attorney's fees as determined by the Court and to be paid to GALIC from the described funds hereafter deposited in accordance with the Court's instructions; and,

(5)    For such other and further relief as the Court deems just and proper.

Dated:  February 13, 2008

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By:  _____
Mitchell J. Popham
Kelly S. Sinner
Attorneys for Plaintiff **GREAT AMERICAN LIFE INSURANCE COMPANY**

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1.    AAG Holding Company, Inc.;

2.    Great American Financial Resources, Inc.;

3.    Great American Life Insurance Company; and,

4.    American Financial Group, Inc.

Dated: February 13, 2008

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: _____
Mitchell J. Popham
Kelly S. Sinner
Attorneys for Plaintiff **GREAT AMERICAN LIFE INSURANCE COMPANY**

**EXHIBIT A**



# GREAT AMERICAN.
LIFE INSURANCE COMPANY

A Stock Insurance Company

**Domicile Address: 580 Walnut Street, Cincinnati, Ohio 45202**
**Life Products: P.O. Box 5416, Cincinnati, Ohio 45201-5416**

## TERM LIFE INSURANCE TO AGE 95

**Insurance payable if the Insured dies while this policy is in force.**
**Premiums payable while the Insured is alive until the Expiration Date.**
**This policy is convertible to age 75.**
**This policy is nonparticipating.**

**GREAT AMERICAN LIFE INSURANCE COMPANY AGREES** to: 1) pay the Proceeds to the beneficiary on receipt at its Life Administration Office of proof that the Insured died while this policy was in force; and 2) provide the other rights and benefits according to the terms and conditions of this policy.

## THIRTY DAY EXAMINATION-RIGHT TO CANCEL

**IMPORTANT: THIS IS A LIFE INSURANCE POLICY. CAREFULLY REVIEW IT FOR LIMITATIONS. IF THE POLICYOWNER IS NOT SATISFIED WITH THIS POLICY, IT MAY BE CANCELLED ON OR BEFORE THE 30TH DAY AFTER ITS RECEIPT BY DELIVERING IT TO OUR LIFE ADMINISTRATION OFFICE OR TO THE AGENT THROUGH WHOM IT WAS PURCHASED. IMMEDIATELY UPON SUCH DELIVERY OR MAILING, THIS POLICY WILL BE TREATED AS IF IT NEVER EXISTED. ANY PREMIUM PAID WILL BE REFUNDED WITHIN 10 DAYS AFTER WE HAVE RECEIVED THIS POLICY.**

This policy is a legal contract between the Policyowner and Great American Life Insurance Company.

## PLEASE READ YOUR POLICY CAREFULLY!

Signed for Great American Life Insurance Company on the Policy Date.

**Mark F. Muething**
**Secretary**

**Charles R. Scheper**
**President**

PGRAT00CA1

## TABLE OF CONTENTS

SECTION             PAGE

**Policy Specifications** ................................................................................................................... 3

**Definitions** ................................................................................................................................... 4

**General Provisions** ...................................................................................................................... 5
     Contract................................................................................................................................... 5
     Modifications ........................................................................................................................... 5
     Incontestability........................................................................................................................ 5
     Suicide..................................................................................................................................... 5
     Protection of Payments .......................................................................................................... 5
     Age or Sex .............................................................................................................................. 5
     End of Policy ........................................................................................................................... 5

**Death Benefit Proceeds** ............................................................................................................. 6
     Proceeds ................................................................................................................................. 6

**Premiums and Reinstatement** .................................................................................................... 6
     Premium Payments................................................................................................................. 6
     Premium Rates ....................................................................................................................... 6
     Premium Payment Frequency................................................................................................. 6
     Grace Period ........................................................................................................................... 7
     Reinstatement ......................................................................................................................... 7
     Reserve Basis ......................................................................................................................... 7

**Ownership and Beneficiary** ........................................................................................................ 7
     Owner...................................................................................................................................... 7
     Beneficiary............................................................................................................................... 7
     Change.................................................................................................................................... 7
     Assignment ............................................................................................................................. 7

**Exchange Provision** .................................................................................................................... 8
     The New Policy ....................................................................................................................... 8

**Conversion Provision** ................................................................................................................. 8
     The New Policy ....................................................................................................................... 8

**Payment of Benefits** ................................................................................................................... 9
     Payment .................................................................................................................................. 9
     Payment Options ..................................................................................................................... 9
     Payment Frequency ................................................................................................................ 9
     Payment Option Rates ............................................................................................................ 9
     Basis of Values ..................................................................................................................... 10
     Payment Option Guidelines................................................................................................... 10
     Minimum Income Tables........................................................................................................ 11

**Notice**

# SPECIFICATION PAGE

## DEFINITIONS

When We use the following words, this is what We mean:

**You, your**:  The owner of this policy.

**We, us, our**:  Great American® Life Insurance Company.

**Insured**:  The person whose life is insured under this policy, as shown on page 3.

**Face Amount**:  The amount of insurance as shown on page 3 or any endorsement to page 3.

**Age**:  The insured's age nearest birthday.

**Proceeds**:  The amount we are obligated to pay under the terms of the policy when the Insured dies.

**Policy Date**:  The date this policy takes effect, as shown on page 3.  This is also the date from which Policy Anniversaries, Policy Years, and Policy Months are determined.

**Policy Anniversary:**  The same day and month as your Policy Date for each succeeding year your policy stays in force.

**Policy Year**:  A period of 12 months beginning each year on the month and day of the Policy Date.

**Policy Month:**  A period beginning each month on the day of the Policy Date and ending the next month on the day preceding the day of the Policy Date.

**Expiration Date:**  The date this policy is scheduled to end.  This date is shown on page 3.

**Written Request:**  A request in writing signed by You.  All correspondence with us should be sent to our Life Administration Office:  P.O. Box 5416, Cincinnati, Ohio 45201-5416.  We may require that your policy be sent in with your request.

# SECTION 1 — GENERAL PROVISIONS

**Contract**
The entire contract consists of this policy, the attached application, any supplemental applications and any riders, amendments or endorsements attached to this policy. All statements in the application will be representations and not warranties. No statement will be used to void this policy, or to contest a claim under it, unless it appears in the application.

**Modifications**
No agent has the authority to modify, change or waive any provision of this policy. A modification will only be valid if it is in writing and signed either by our President, a Vice President or the Secretary. We may request that you submit this policy for endorsement to show any change.

**Incontestability**
We will not contest this policy after it has been in force during the Insured's life for two years from the Policy Date.

If this policy is reinstated, this provision will be measured from the reinstatement date, and will be limited to material misrepresentations in the reinstatement application.

This provision does not apply to any provision for Waiver of Premiums or Accidental Death Benefits.

**Suicide**
If the Insured commits suicide while sane or insane within two years from the Policy Date, the Proceeds will not be paid. Instead, the beneficiary will receive an amount equal to the premium paid. If the law of the state where this policy is issued provides a shorter period, that law will govern.

**Protection of Payments**
Unless You and We agree to it, or unless otherwise provided in this policy, no one entitled to receive benefits under this policy may commute, pledge, sell or assign any part of such benefits. To the extent permitted by law, such benefits shall not be subject to the claims of any Payee's creditors or to legal process against any Payee.

**Age or Sex**
If the Insured's age or sex is misstated in the application, the Face Amount will be adjusted. The adjusted amount will be the Face Amount the premium paid would have provided based on the Insured's correct age and sex.

The age shown on page 3 is the Insured's age as of the Policy Date.

**End of Policy**
This policy will end on:

1.      the date You request it ends;
2.      the date the Insured dies;
3.      the Expiration Date of Policy;
4.      the date the grace period ends if sufficient premium has not been paid;
5.      the conversion date; or
6.      the exchange date;

whichever is earlier.



## SECTION 2 — DEATH BENEFIT PROCEEDS

**Proceeds**

If the Insured dies while this policy is in force and before the Expiration Date, We will pay the Proceeds to the beneficiary. The Proceeds are the sum of:

(a) the Face Amount; PLUS
(b) any insurance on the Insured's life that may be provided by riders to this policy; PLUS
(c) that portion of any premium paid which applies to a period beyond the month in which the Insured dies; LESS
(d)    any unpaid premium if death occurs during the grace period.

We will pay the Proceeds to the beneficiary after We receive due proof of death and proper written claim. We will pay interest of not less than 3% per year from the date of death to the payment date, or any higher rate as required by law, from the date of death to the payment date.

## SECTION 3 — PREMIUMS AND REINSTATEMENT

**Premium Payments**

Premiums must be paid to us at our Life Administration Office. You may pay the first premium to us at our Life Administration Office or to our agent. If You would like a receipt for a premium payment, We will give You one upon request. You may choose the frequency of the payments. The first premium must be paid no later than when this policy is delivered. There is no insurance unless the first premium is paid while all statements and answers in all parts of the application remain correct. Each premium after the first is due on the first day of the Policy Month following the end of the period for which the preceding premium was paid. Each premium should be paid on or before the date it is due.

**Premium Rates**

The premium on the Policy Date is the premium shown in the Annual Premium Schedule. The premium will continue at this level for the period specified in the Annual Premium Schedule on Page 3. Subsequent premiums for term life insurance and any attached waiver of premium rider are guaranteed not to exceed the amounts shown on Page 3 during the periods indicated and the amounts computed from the table on Page 3-1 in subsequent years. We will give You written notice of each premium change. We will not change the premium more than once in any Policy Year. Any policy fee shown is in addition to your annual premiums as calculated from the tables.

Premiums are based on our expectations regarding such factors as mortality, investment earnings and expenses. Any change in the premium will be based on the prospective reevaluation of these factors. We will apply any change in the premium on a uniform basis to all insureds of the same age, sex and rate class whose policies are for the same amount of insurance and have been inforce for the same length of time. We will not change the premium or rate class because of changes in the Insured's health, occupation, or other risk factors after this policy takes effect.

**Premium Payment Frequency**

We will send premium notices according to the scheduled premium chosen. You can ask us to change the amount and frequency of the premium by sending us a Written Request. You may choose from annual, semi-annual, quarterly, or monthly bank draft.

## SECTION 3 — PREMIUMS AND REINSTATEMENT (Cont'd.)

**Grace Period**
We will allow You 31 days from the premium due date to pay each premium after the first. This period is called the grace period. This policy will stay in force during the grace period. If You do not pay the premium due by the end of the grace period, this policy will terminate on the day after the grace period ends.

If the Insured dies during the grace period, We will pay the death benefit, but We will deduct from it the premium needed to cover the period from the beginning of the grace period to the end of the Policy Month in which the Insured died.

**Reinstatement**
If a grace period has ended without payment of required premium and this policy has terminated, You may apply to reinstate it. To reinstate this policy You must:
    (a) apply in writing within five years after the end of the grace period and before the Expiration Date;
    (b) provide due proof acceptable to us, that the Insured's health, occupation, and other risk factors have not materially changed since the Policy Date; and
    (c) pay all overdue premiums for the base policy and any riders plus 6% interest per year, compounded annually, from their due dates to the date of reinstatement.

The date of reinstatement will be the first day of the Policy Month on or next following the date We approve your application for reinstatement. When this policy is reinstated, a new two-year contestable period will apply with respect to material misrepresentations made in the application for reinstatement.

**Reserve Basis**
The reserves for this policy are equal to or greater than those required by law. A detailed statement of the method of computing reserves has been filed with the insurance supervisory official of the state in which this policy is delivered.

## SECTION 4 — OWNERSHIP AND BENEFICIARY

**Owner**
The owner of this policy is the Insured person named on page 3, unless stated otherwise in the application or later changed. As owner, You can exercise all rights under your policy while the Insured is alive. You can change the ownership if You send us a Written Request to do so. If a new owner is named, any earlier designations will be void.

**Beneficiary**
The beneficiary is the person or persons named by You to receive the Proceeds when the Insured dies. If two or more beneficiaries are alive when the Insured dies, We will pay them in equal shares unless You have chosen otherwise. If no beneficiary is alive when the Insured dies, You will be the beneficiary if living, otherwise the Proceeds will be paid to your estate.

**Change**
To change the owner or beneficiary, send a Written Request while the Insured is alive. The change will not take effect until it is recorded at our Life Administration Office. Once recorded, it will take effect as of the date You signed it. The change will not apply to any payment made by us before We recorded your request. If You have named an irrevocable beneficiary, You will need that beneficiary's consent in order to make a change of beneficiary.

**Assignment**
You may assign this policy. We will not be bound by any assignment unless it is in writing, signed by You, and is recorded at our Life Administration Office. We are not responsible for the validity of any assignment. Any amount to be paid to an assignee will be paid in a single sum. Any claim made by an assignee will be subject to proof of the assignee's interest and the extent of the assignment.

## SECTION 5 — EXCHANGE PROVISION

You may exchange this policy for a new policy on this plan of insurance at any time after the initial premium guarantee period, subject to:

    (a)  proof of insurability acceptable to us; and
    (b)  the Insured's age not being greater than the maximum issue age for the policy at the time
        of exchange.

**The New Policy**
The Policy Date of the new policy will be the date of the exchange, which is the date We receive your application for exchange, accompanied by your first premium. The issue age will be the Insured's age on the date of the exchange. We will determine the rate class and approve the amount of insurance based on the evidence of insurability provided. The premiums for the new policy will be based on the premium rates in effect on the new Policy Date, and on the issue age of the new policy.


## SECTION 6 — CONVERSION PROVISION

You may convert the amount of term life insurance provided by this policy to a new policy on a different plan of insurance. The conversion date may be the first day of any Policy Month when:

    (a)      this policy is in effect;
    (b)      all premiums due before that date have been paid; and
    (c)      the Insured is age 75 or younger.

To convert this policy, You must submit a written application and pay the first premium due on the new policy. We will not require evidence of insurability to convert the term life insurance provided by this policy.

**The New Policy**
The amount of insurance provided by the new policy will be the same as the amount of term life insurance provided by this policy. The Policy Date will be the same as the conversion date. The issue age will be the Insured's age on the conversion date. The rate class will be the same as this policy. The plan of insurance may be any life insurance plan, designated by the Company, provided:

    (a)      the plan is available to persons of the Insured's age on that date;
    (b)      the amount of insurance to be provided is available under the plan on that date; and
    (c)      our risk, excluding any riders, does not increase as a result of the conversion.

There will always be at least one policy available for issue under this section.

The premium rates for the new policy will be those in effect on the Policy Date of the new policy, based on the issue age of the new policy.

The Incontestability and Suicide provisions will be effective from the Policy Date of this policy.

## SECTION 7 — PAYMENT OF BENEFITS

**Payment**
Any amount to be paid under this policy will be paid in a lump sum, unless one of the following payment options is chosen. All or part of the amount to be paid may be applied to any payment option.

**Payment Options**
1.  Interest Payments - Any amount applied under this option will earn interest that can either be paid to You monthly or left to accumulate. Interest will be credited at an effective rate of 3% per year or any higher rate we declare. The first interest payment will be made one month after this option takes effect. You may withdraw the accumulated interest and all or part of the amount at any time.. The minimum withdrawal allowed will be $500.

2.  Fixed Period Payments – We will make periodic payments for a fixed period. The first payment will be paid as of the last day of the initial payment interval. The maximum time over which payments will be made by us or money will be held by us is thirty (30) years.

3.  Fixed Amount Payments - Monthly payments of not less than $5 per $1,000 of the amount applied under this option will be made until the full amount plus interest has been paid. The first payment will be made on the date this option takes effect. The unpaid balance may be withdrawn at any time.

4.  Life Income Payments - Monthly payments will be made according to the option chosen below. The first payment will be made on the date this option takes effect. Payments will be based on the payee's sex and age on the date the first payment is due. Payment will be subject to satisfactory proof of the payee's age.

     (a)     Life Income - Payments will be made only during the lifetime of the payee.
     (b)     Life Income with Certain Period - Payments will be made for a guaranteed period of either 10 or 20 years. Such payments will be made even if the payee dies. After the certain period, payments will only be made while the payee is alive.
     (c)     Life Income with Refund Provision - Payments will continue after the payee dies, until the sum of the payments equals the amount applied under the option. If the payee is alive when the sum of the payments equals the amount applied under this option, payments will continue until the payee dies.

             We reserve the right to require proof that the payee is alive at any time any payment is made. You may not withdraw any amount applied to any of the life income options.

5.  Other Payment Options - Any amount payable under this policy may be paid in any manner agreed to by us.

**Payment Frequency**
Annual, semi-annual or quarterly payments may be made instead of monthly.

**Payment Option Rates**
1.  Interest Payments, Fixed Period Payments and Fixed Amount Payments – Amounts applied to these options will earn interest at rates declared annually by us. The minimum effective rate will be 3% per year. Interest in excess of 3% will increase the amount of payments or, for the Fixed Amount Payments Option, the period of payments will be lengthened. The present value of any unpaid payment will be based on the 3% interest rate. We may offer higher guaranteed rates with certain conditions on amounts and withdrawals.

2.  Life Income Options - Payments will be based on rates declared by us. Payments will not be less than the minimums described in the Minimum Income Tables on pages 11, 12 and 13.

## SECTION 7 – PAYMENT OF BENEFITS (Cont.'d)

**Basis of Values**
Minimum income rates are based on the 1983 Individual Annuity Mortality Table. Interest is assumed at the rate of 3% per year.

**Payment Option Guidelines**
**Choice of Payment Options**
You may choose a payment option while the Insured is alive. When the Insured dies, the beneficiary may choose payment option if no option is then in effect.

**Effective Date**
The most recent payment option chosen by You and recorded at our Life Administration Office while the Insured is alive, will take effect on the date the Insured dies. All other payment options will take effect when the Written Request is recorded at our Administrative Office or later, if specified.

**Transfer Between Options**
A beneficiary receiving payment under an option with the right to withdraw may transfer the withdrawal value to any other option available.

**Life Income**
**Option Limitations**
The life income option will not be available, except with our consent, if the payee is one of the following:

1. corporation;
2. partnership;
3. association; or
4. guardian, trustee or representative of an estate.

**Minimum Amounts**
Amounts of less than $5,000 may not be applied under any payment option. If payments are less than $20, We have the right to change the payment frequency or pay the withdrawal value.

**Payment Certificate**
At the time an amount becomes payable under a payment option, a payment certificate will be issued to the payee in exchange for this policy. The effective date of the certificate will be the effective date of the option.

**Death of Payee**
If any payments remain to be made when the payee dies, they will be made according to the terms of the payment certificate.

**Withdrawal and**
**Change Limitations**
The right to change the method of payment will be available if it is provided in the payment certificate. Any change or withdrawal will be subject to the Payment Options and Payment Option Guidelines provisions of this policy.

**Deferment**
We may delay paying a withdrawal for up to 6 months from the date the Written Request is recorded at our Life Administration Office. If We delay for 30 days or more, interest will be paid on the withdrawal at an effective rate of 3%. We may declare a higher rate from the date the withdrawal request is recorded to the payment date. We also may require the payment certificate for endorsement.

## SECTION 7 — PAYMENT OF BENEFITS (Cont'd.)

**Minimum Income Tables**
The tables list the minimum income per $1,000 of the amount applied under Options 2 and 4.

MINIMIUM INCOME TABLES
MINIMUM INCOME PAYMENTS FOR EACH $1,000 OF AMOUNT PAYABLE

### OPTION 2 — Fixed Period Payments

| Period (Years) | Annual Payment | Semi-Annual Payment | Quarterly Payment | Monthly Payment |
|---|---|---|---|---|
| 1 | $1,030.00 | $ 511.19 | $ 254.65 | $ 84.68 |
| 2 | 522.61 | 259.37 | 129.21 | 42.96 |
| 3 | 353.53 | 175.46 | 87.41 | 29.06 |
| 4 | 269.03 | 133.52 | 66.51 | 22.12 |
| 5 | 218.35 | 108.37 | 53.99 | 17.95 |
| 6 | 184.60 | 91.62 | 45.64 | 15.18 |
| 7 | 160.51 | 79.66 | 39.68 | 13.20 |
| 8 | 142.46 | 70.70 | 35.22 | 11.71 |
| 9 | 128.43 | 63.74 | 31.75 | 10.56 |
| 10 | 117.23 | 58.18 | 28.98 | 9.64 |
| 11 | 108.08 | 53.64 | 26.72 | 8.88 |
| 12 | 100.46 | 49.86 | 24.84 | 8.26 |
| 13 | 94.03 | 46.67 | 23.25 | 7.73 |
| 14 | 88.53 | 43.94 | 21.89 | 7.28 |
| 15 | 83.77 | 41.57 | 20.71 | 6.89 |
| 16 | 79.61 | 39.51 | 19.68 | 6.54 |
| 17 | 75.95 | 37.70 | 18.78 | 6.24 |
| 18 | 72.71 | 36.09 | 17.98 | 5.98 |
| 19 | 69.81 | 34.65 | 17.26 | 5.74 |
| 20 | 67.22 | 33.36 | 16.62 | 5.53 |
| 21 | 64.87 | 32.20 | 16.04 | 5.33 |
| 22 | 62.75 | 31.14 | 15.51 | 5.16 |
| 23 | 60.81 | 30.18 | 15.04 | 5.00 |
| 24 | 59.05 | 29.31 | 14.60 | 4.85 |
| 25 | 57.43 | 28.50 | 14.20 | 4.72 |
| 26 | 55.94 | 27.76 | 13.83 | 4.60 |
| 27 | 54.56 | 27.08 | 13.49 | 4.49 |
| 28 | 53.29 | 26.45 | 13.18 | 4.38 |
| 29 | 52.11 | 25.86 | 12.88 | 4.28 |
| 30 | 51.02 | 25.32 | 12.61 | 4.19 |

### OPTION 4 — LIFE INCOME PAYMENTS

| MALE | | | Age Nearest Birthday of Payee When 1st Payment Is Payable | FEMALE | | |
|---|---|---|---|---|---|---|
| Life Only | 10 Year Certain | 20 Year Certain | | Life Only | 10 Year Certain | 20 Year Certain |
| $ 2.81 | $ 2.81 | $ 2.81 | 0-5 | $ 2.75 | $ 2.75 | $ 2.75 |
| 2.83 | 2.82 | 2.82 | 6 | 2.76 | 2.76 | 2.76 |
| 2.84 | 2.84 | 2.83 | 7 | 2.77 | 2.77 | 2.77 |
| 2.85 | 2.85 | 2.84 | 8 | 2.78 | 2.78 | 2.78 |
| 2.86 | 2.86 | 2.86 | 9 | 2.79 | 2.79 | 2.79 |
| 2.87 | 2.87 | 2.87 | 10 | 2.80 | 2.80 | 2.80 |
| 2.89 | 2.89 | 2.88 | 11 | 2.81 | 2.81 | 2.81 |
| 2.90 | 2.90 | 2.90 | 12 | 2.82 | 2.82 | 2.82 |
| 2.92 | 2.91 | 2.91 | 13 | 2.83 | 2.83 | 2.83 |
| 2.93 | 2.93 | 2.92 | 14 | 2.85 | 2.85 | 2.84 |

## SECTION 7 — PAYMENT OF BENEFITS (Cont'd.)
MINIMIUM INCOME TABLES (Cont.'d)
MINIMUM INCOME PAYMENTS FOR EACH $1,000 OF AMOUNT PAYABLE

### OPTION 4 — LIFE INCOME PAYMENTS

| MALE | | | Age Nearest Birthday of Payee When 1st Payment is Payable | FEMALE | | |
|---|---|---|---|---|---|---|
| Life Only | 10 Year Certain | 20 Year Certain | | Life Only | 10 Year Certain | 20 Year Certain |
| $ 2.95 | $ 2.95 | $ 2.94 | 15 | $ 2.86 | $ 2.86 | $ 2.86 |
| 2.96 | 2.96 | 2.96 | 16 | 2.87 | 2.87 | 2.87 |
| 2.98 | 2.98 | 2.97 | 17 | 2.89 | 2.89 | 2.88 |
| 3.00 | 3.00 | 2.99 | 18 | 2.90 | 2.90 | 2.90 |
| 3.02 | 3.01 | 3.01 | 19 | 2.92 | 2.92 | 2.91 |
| 3.04 | 3.03 | 3.03 | 20 | 2.93 | 2.93 | 2.93 |
| 3.06 | 3.05 | 3.05 | 21 | 2.95 | 2.95 | 2.94 |
| 3.08 | 3.07 | 3.07 | 22 | 2.96 | 2.96 | 2.96 |
| 3.10 | 3.09 | 3.09 | 23 | 2.98 | 2.98 | 2.98 |
| 3.12 | 3.12 | 3.11 | 24 | 3.00 | 3.00 | 2.99 |
| 3.14 | 3.14 | 3.13 | 25 | 3.02 | 3.02 | 3.01 |
| 3.17 | 3.16 | 3.15 | 26 | 3.04 | 3.04 | 3.03 |
| 3.19 | 3.19 | 3.18 | 27 | 3.06 | 3.06 | 3.05 |
| 3.22 | 3.22 | 3.20 | 28 | 3.08 | 3.08 | 3.07 |
| 3.25 | 3.24 | 3.23 | 29 | 3.10 | 3.10 | 3.09 |
| 3.28 | 3.27 | 3.26 | 30 | 3.13 | 3.12 | 3.12 |
| 3.31 | 3.30 | 3.29 | 31 | 3.15 | 3.15 | 3.14 |
| 3.34 | 3.33 | 3.32 | 32 | 3.18 | 3.17 | 3.16 |
| 3.37 | 3.37 | 3.35 | 33 | 3.20 | 3.20 | 3.19 |
| 3.41 | 3.40 | 3.38 | 34 | 3.23 | 3.23 | 3.22 |
| 3.44 | 3.44 | 3.41 | 35 | 3.26 | 3.26 | 3.24 |
| 3.48 | 3.48 | 3.45 | 36 | 3.29 | 3.29 | 3.27 |
| 3.52 | 3.51 | 3.48 | 37 | 3.32 | 3.32 | 3.30 |
| 3.57 | 3.56 | 3.52 | 38 | 3.35 | 3.35 | 3.33 |
| 3.61 | 3.60 | 3.56 | 39 | 3.39 | 3.38 | 3.37 |
| 3.66 | 3.64 | 3.60 | 40 | 3.42 | 3.42 | 3.40 |
| 3.71 | 3.69 | 3.64 | 41 | 3.46 | 3.46 | 3.43 |
| 3.76 | 3.74 | 3.68 | 42 | 3.50 | 3.50 | 3.47 |
| 3.81 | 3.79 | 3.73 | 43 | 3.54 | 3.54 | 3.51 |
| 3.87 | 3.85 | 3.77 | 44 | 3.59 | 3.58 | 3.55 |
| 3.93 | 3.90 | 3.82 | 45 | 3.63 | 3.63 | 3.59 |
| 3.99 | 3.96 | 3.87 | 46 | 3.68 | 3.67 | 3.63 |
| 4.05 | 4.02 | 3.92 | 47 | 3.73 | 3.72 | 3.68 |
| 4.12 | 4.09 | 3.97 | 48 | 3.79 | 3.77 | 3.72 |
| 4.19 | 4.15 | 4.03 | 49 | 3.84 | 3.83 | 3.77 |
| 4.27 | 4.22 | 4.08 | 50 | 3.90 | 3.89 | 3.82 |
| 4.34 | 4.29 | 4.14 | 51 | 3.97 | 3.95 | 3.88 |
| 4.43 | 4.37 | 4.20 | 52 | 4.03 | 4.01 | 3.93 |
| 4.51 | 4.45 | 4.26 | 53 | 4.10 | 4.08 | 3.99 |
| 4.60 | 4.54 | 4.32 | 54 | 4.18 | 4.15 | 4.04 |
| 4.70 | 4.62 | 4.39 | 55 | 4.25 | 4.22 | 4.11 |
| 4.80 | 4.72 | 4.45 | 56 | 4.34 | 4.30 | 4.17 |
| 4.91 | 4.82 | 4.51 | 57 | 4.42 | 4.38 | 4.23 |
| 5.03 | 4.92 | 4.58 | 58 | 4.52 | 4.47 | 4.30 |
| 5.15 | 5.03 | 4.64 | 59 | 4.61 | 4.56 | 4.37 |

## SECTION 7 — PAYMENT OF BENEFITS (Cont'd.)
### MINIMUM INCOME TABLES (Cont.'d)
### MINIMUM INCOME PAYMENTS FOR EACH $1,000 OF AMOUNT PAYABLE

### OPTION 4 — LIFE INCOME PAYMENTS

| MALE | | | Age Nearest Birthday of Payee When 1st Payment Is Payable | FEMALE | | |
|---|---|---|---|---|---|---|
| Life Only | 10 Year Certain | 20 Year Certain | | Life Only | 10 Year Certain | 20 Year Certain |
| $ 5.28 | $ 5.14 | $ 4.71 | 60 | $ 4.72 | $ 4.66 | $ 4.44 |
| 5.42 | 5.26 | 4.78 | 61 | 4.83 | 4.76 | 4.51 |
| 5.57 | 5.39 | 4.84 | 62 | 4.95 | 4.86 | 4.58 |
| 5.74 | 5.52 | 4.90 | 63 | 5.07 | 4.98 | 4.65 |
| 5.91 | 5.66 | 4.96 | 64 | 5.21 | 5.10 | 4.72 |
| 6.10 | 5.81 | 5.02 | 65 | 5.35 | 5.22 | 4.79 |
| 6.29 | 5.96 | 5.08 | 66 | 5.51 | 5.36 | 4.86 |
| 6.50 | 6.11 | 5.13 | 67 | 5.67 | 5.50 | 4.93 |
| 6.73 | 6.28 | 5.18 | 68 | 5.85 | 5.65 | 5.00 |
| 6.97 | 6.44 | 5.23 | 69 | 6.04 | 5.80 | 5.06 |
| 7.23 | 6.61 | 5.27 | 70 | 6.25 | 5.96 | 5.12 |
| 7.51 | 6.78 | 5.31 | 71 | 6.47 | 6.14 | 5.18 |
| 7.80 | 6.96 | 5.34 | 72 | 6.71 | 6.31 | 5.23 |
| 8.12 | 7.14 | 5.37 | 73 | 6.97 | 6.50 | 5.28 |
| 8.45 | 7.32 | 5.40 | 74 | 7.26 | 6.69 | 5.32 |
| 8.82 | 7.49 | 5.42 | 75 | 7.56 | 6.89 | 5.35 |
| 9.21 | 7.67 | 5.44 | 76 | 7.90 | 7.09 | 5.39 |
| 9.62 | 7.84 | 5.45 | 77 | 8.26 | 7.29 | 5.41 |
| 10.07 | 8.01 | 5.47 | 78 | 8.65 | 7.49 | 5.43 |
| 10.55 | 8.17 | 5.48 | 79 | 9.07 | 7.69 | 5.45 |
| 11.06 | 8.33 | 5.49 | 80 | 9.53 | 7.89 | 5.47 |
| 11.61 | 8.48 | 5.49 | 81 | 10.03 | 8.08 | 5.48 |
| 12.19 | 8.61 | 5.50 | 82 | 10.57 | 8.26 | 5.49 |
| 12.81 | 8.74 | 5.50 | 83 | 11.16 | 8.43 | 5.49 |
| 13.46 | 8.86 | 5.51 | 84 | 11.79 | 8.59 | 5.50 |
| 14.16 | 8.97 | 5.51 | 85 | 12.48 | 8.74 | 5.50 |
| 14.89 | 9.06 | 5.51 | 86 | 13.21 | 8.87 | 5.51 |
| 15.66 | 9.15 | 5.51 | 87 | 14.00 | 8.99 | 5.51 |
| 16.47 | 9.23 | 5.51 | 88 | 14.84 | 9.09 | 5.51 |
| 17.33 | 9.30 | 5.51 | 89 | 15.74 | 9.18 | 5.51 |
| 18.25 | 9.36 | 5.51 | 90 | 16.68 | 9.26 | 5.51 |
| 19.24 | 9.42 | 5.51 | 91 | 17.66 | 9.33 | 5.51 |
| 20.29 | 9.46 | 5.51 | 92 | 18.69 | 9.38 | 5.51 |
| 21.42 | 9.50 | 5.51 | 93 | 19.75 | 9.43 | 5.51 |
| 22.64 | 9.53 | 5.51 | 94 | 20.86 | 9.48 | 5.51 |
| 23.96 | 9.56 | 5.51 | 95 | 22.01 | 9.51 | 5.51 |

PGRAT97NW1

# NOTICE

This policy is valuable property.  If anyone suggests replacing it, please contact us first to be certain of your rights.

When You write to us, please give us your name, address and policy number.  Please notify us promptly of any changes. We will write to You at your last known address.

## GREAT AMERICAN ® LIFE INSURANCE COMPANY

TERM LIFE INSURANCE TO AGE 95
Insurance payable if the Insured dies while this policy is in force.
Premiums payable while the Insured is alive until the Expiration Date.
This policy is convertible to age 75.
This policy is nonparticipating.

PGRAT97NW1

GREAT AMERICAN LIFE INSURANCE COMPANY
Products • P.O. Box 5416 • Cincinnati, Ohio 45201-5416

## PART 1  Please Print

1. PROPOSED INSURED: Milous Lyle Brock
   First / Middle Initial / Last

   2. OWNER (Complete only if Owner is not Proposed Insured): Margie A. Brock
   Relationship: Wife    Birth Date: 2-7-43
   Address: Bx 9867
   City: Rancho Santa Fe    State: CA    Zip: 92067
   Soc. Sec./Tax I.D. No.:

   Address: Box 9867
   City: Rancho Santa Fe    State: Ca    Zip: 92067
   Home Phone: 619-298-5044    Bus. Phone: 858-538-9470
   Soc. Sec. No.:

   ☒ Male  ☐ Female   Birth Date: 4-28-44   Age: 58   Driver's License No.: _____  State Issued: CA.
   Birth State: OK    Marital Status: Unmarried
   Are you a U.S. Citizen? ☒ Yes ☐ No  If not, do you hold a permanent VISA or Green Card? ☐ Yes ☐ No  San Diego CA DMV
   Employer Name: Emerald Bay Fin Inc 591 Camino Delarcon RSF    Occupation: President  #928
   Send Premium Notice To: ☒ Proposed Insured  ☐ Owner  ☐ Other (Give name/address in Special Requests)

3. INSURANCE APPLIED FOR:  Plan Name: 10 Year Level    Amount $ 500,000  1a

4. PREMIUM MODE: ☒ Annual  ☐ Semiannual  ☐ Quarterly  ☐ Monthly Bank Draft  ☐ Other (Specify) _____
   Scheduled Premium (Modal-UL Only) $ _____   Additional First Year Premium (UL Only) $ _____

5. DEATH BENEFIT OPTION (UL Only)  ☐ Option A    ☐ Option B

6. ADDITIONAL BENEFITS BY RIDER ☐ Spouse/Additional Insured Term Insurance   N/A
   ☐ Waiver of Scheduled Premium (UL)  ☐ Waiver of Premium (Term)  ☐ Accidental Death Benefit Amount (to $200,000) ___ N/A
   (Spouse/Additional Insured Driver's License No./State)
   ☐ Children's Term Insurance  ☐ Other Riders: Please issue alternate policy @ 1,000,000  N/A
   Same as above

7.
| Name of Other Insureds | Birth Date | Sex | Age | Height/Weight | Birth State | Soc. Sec. No. | Relationship To Insured | Amount Applied For |
|---|---|---|---|---|---|---|---|---|
| N/A | | | | | | | | |
| APPLICANT CHANGED HIS MIND & NOW WANTS $1,000,000 OF COVERAGE | | | | | | | | |

8. BENEFICIARY OF THE PROPOSED INSURED (For Additional Insured, please list in Special Requests section.)
   Primary: Brock Family Trust 8-1-89    Soc. Sec. No.: _____  Relationship: _____
   Name & Address
   Contingent: San Diego CA.    Soc. Sec. No.: _____  Relationship: _____
   Name & Address

   REDACTED

9. LIFE INSURANCE (On any person proposed for coverage)
   Will any life insurance or annuities for this or any other company be replaced, discontinued, reduced or changed if insurance now applied for is issued? ☐ Yes ☒ No
   If "Yes", give details: _____

| Insured | Company | Policy Number | Amount | Policy Date |
|---|---|---|---|---|
| | | | | |
| Insured | Company | Policy Number | Amount | Policy Date |

10. List all life insurance in force or currently applied for. ADB ☐ (Check here if "none.")
| Company | Amount | Plan | Year Issued | Amount ADB | Standard | Rated |
|---|---|---|---|---|---|---|
| Federal Kemper Life | 500,000 | 10 yr term | | 0 | Pref. | |
| Company | Amount | Plan | Year Issued | Amount ADB | Standard | Rated |

11. TOBACCO/NICOTINE HABITS
   A. PROPOSED INSURED: Used any tobacco/nicotine last 5 years? ☐ Yes ☒ No   Last 3 years? ☐ Yes ☒ No
   Last 12 Months? ☐ Yes ☒ No   Form of tobacco/nicotine? ☐ Cigarettes ☐ Pipe ☐ Cigars ☐ Other _____
   B. PROPOSED SPOUSE/ADDITIONAL INSURED: Used any tobacco/nicotine last 5 years? ☐ Yes ☐ No   Last 3 years? ☐ Yes ☐ No
   Last 12 Months? ☐ Yes ☐ No   Form of tobacco/nicotine? ☐ Cigarettes ☐ Pipe ☐ Cigars ☐ Other  N/A

A634099NW1

RECEIVED
NOV 19 2007
CLAIMS

TAXPAYER IDENTIFICATION NUMBER (Required by IRS Code Section 3406 if policyholder is a corporation or business.)

Enter Taxpayer Identification Number and sign below __

|                              | |
|------------------------------|-|
| Social Security Number       | Employer Identification Number |

☐ Check if you are subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**Certification**–Under penalties of perjury, I certify that: (1) the number shown on this form is my correct Taxpayer Identification Number (or I am waiting for a number to be issued to me); and (2) I am not subject to backup withholding either because I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest and dividends, or the IRS has notified me that I am no longer subject to backup withholding.

**Certification Instructions**– You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return.

Date _____     Signature X _____

_____
Applicant/Owner (Give title if signed on behalf of business)

## IF MONTHLY BANK DRAFT, ATTACH VOIDED CHECK HERE AND SIGN AUTHORIZATION.
### AUTHORIZATION TO MY BANK

As a convenience to me, I hereby request and authorize you to initiate debit entries, whether by electronic or paper means, with said debits made to my account and drawn by Great American Life Insurance Company®, Cincinnati, Ohio, provided there are sufficient collected funds in said account to pay the same upon presentation. I agree that your rights in respect to such debit shall be the same as if it were a check drawn on you and signed personally by me. I hereby agree that if any debit is not paid by you for any reason, with or without cause or whether such nonpayment is intentional, inadvertent or otherwise, you shall be under no liability whatsoever, even though such nonpayment results in the forfeiture of insurance. This authorization is to remain in full force and effect until revoked by me upon 30 days written notice, and until you actually receive such notice I agree that you shall be fully protected in honoring any such debit to my account.

Date _____     Signature X _____

_____
(As it appears on bank records)

## INITIAL PREMIUM

☐ I authorize Great American Life® to draft any/all initial premium due from my account at which time my policy is issued and activated.

☐ I DO NOT authorize Great American Life to draft any/all initial premium due from my account. I understand a separate check/money order will be requested.

Date  9/11/02     Signature X _____

_____
(As it appears on bank records)

## AGENT'S STATEMENT

**1.Which Underwriting Class was quoted?**

| Proposed Insured | Spouse/Additional Insured |
|------------------|---------------------------|
| ☐ Super Preferred | ☐ Super Preferred |
| ☒ Preferred Plus | ☐ Preferred Plus |
| ☐ Preferred | ☐ Preferred |
| ☐ Select Plus | ☐ Select Plus |
| ☐ Select | ☐ Select |
| ☐ Standard | ☐ Standard |
| ☐ Other _____ | ☐ Other _____ |

2.Was the client seen at the time of application? ☒Yes ☐ No

3.Has any premium been given in connection with this application?
☐ Yes ☒No
If "Yes," state amount paid for which conditional receipt has been given the terms of which are hereby agreed to: $ ___0___

## FINANCIAL INFORMATION OF PROPOSED INSURED
1. Gross annual income of proposed insured........... $ __
2. Personal net worth................................................ $ .
3. Purpose of insurance: _____

**Complete this section if insurance is business coverage:**

1.Net worth of business: (last 2 yrs) $_____ / $_____

2.Gross annual sales: (last 2 years) $_____ / $_____

3.Percentage of business owned by proposed insured _____%

4.Are other partners/owners/executives being insured by the business?
☐ Yes ☐ No
If "Yes," for how much? _____
If "No," please explain: _____
_____

5. Business is a: ☐ C Corporation ☐ S Corporation
☐ Partnership ☐ Sole Proprietorship

6. Proposed Insured is: ☐ Majority Owner ☐ Officer
☐ Minority Owner ☐ Partner ☐ Key Executive

7. Purpose of insurance: ☐ Buy/Sell ☐ Key Person
☐ Split Dollar ☐ Deferred Compensation

**RECEIVED**

NOV 1 9 2007

**CLAIMS**

A634099NW1

**12. HAS ANY PERSON PROPOSED FOR COVERAGE...**

|  | Yes | No |
|---|---|---|
| **a:** Ever applied for insurance or reinstatement that was declined, postponed, rated, modified, or had any such insurance cancelled or a renewal premium refused? | ☒ | ☐ |
| **b.** Ever received or claimed indemnity benefits or a payment for any injury, sickness or impaired condition? | ☐ | ☒ |
| **c.** Engaged in or plan to engage in any form of motorized racing, scuba diving, parachuting, hang-gliding, ballooning or mountain climbing? (If "Yes," complete avocation questionnaire.) | ☐ | ☒ |
| **d.** Ever made any flights as a pilot, student pilot, or crew member of any aircraft in the past three years or intend to do so in the future? (If "Yes," complete aviation questionnaire.) | ☐ | ☒ |
| **e.** Been charged with but not acquitted of the violation of any criminal law? | ☐ | ☒ |
| **f.** Had in the past five years any motor vehicle violations or had your license suspended or revoked? | ☐ | ☒ |
| **g.** Any intention of travelling or residing outside the U.S. or Canada in the next year? | ☐ | ☒ |
| **h.** Belong to or intend to join any active or reserve military or naval organization? | ☐ | ☒ |
| **i.** Ever filed for bankruptcy? | ☒ | ☐ |

If answering "Yes" to any of the above, questions a. through i., please give details including name of person *Applicant 1898 Rated for Ulcer Condition on Health Insurance, Filed BK 9, 1989, BK Dropped Date Cancelled, By Court Order. Mistake Found Creator Satisfied*

---

**PART II**

To the best of your knowledge and belief

| | Proposed Insured Yes | Proposed Insured No | Spouse/Add'l Insured Yes | Spouse/Add'l Insured No | All Children Yes | All Children No |
|---|---|---|---|---|---|---|
| **1. Has anyone proposed for coverage ever been treated for or had:** | | | | | | |
| **a.** Impairment of the eyes or ears? *Glasses Only* | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **b.** Dizziness, fainting, convulsions, headache, paralysis or stroke within the last 10 years? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **c.** Shortness of breath, blood spitting, bronchitis, asthma, emphysema or chronic respiratory disorder within the last 10 years? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **d.** Chest pain, palpitation, high blood pressure, heart murmur, heart attack or other disorder of the heart or blood vessels? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **e.** Jaundice, intestinal bleeding, ulcer, colitis, recurrent indigestion or any other disease of the stomach, intestines, liver or gall bladder? | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **f.** Sugar, proteinuria, blood or pus in urine, venereal disease, stone or other disorder of kidney, bladder, prostate or reproductive organs? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **g.** Diabetes, thyroid or other endocrine disorders? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **h.** Disorder of the breasts or pelvic organs? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **i.** Neuritis, arthritis or disorder of the muscles or bones, including the spine, back or joints? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **j.** Disorder of skin, lymph glands, cyst, tumor or cancer? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **k.** Anemia or other disorder of the blood? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **l.** Alcoholism or addiction to habit-forming drugs? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **m.** Any mental or physical disorder not listed above? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **2. Has anyone proposed for coverage:** | | | | | | |
| **a.** Had a physical checkup, consultation or surgery within the last five years? | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **b.** Been a patient in a hospital, clinic or other medical facility within the last five years? | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **c.** Had an electrocardiogram, X-ray or other diagnostic test within the last five years? | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **d.** Been advised to have any diagnostic test, hospitalization or surgery, which was not completed? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **e.** Been diagnosed or treated by a member of the medical profession as having acquired immune deficiency syndrome (AIDS) or AIDS related complex (ARC)? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **f.** Ever had any disorder of menstruation, pregnancy or other reproductive organs? | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **3. Are you now pregnant?** (If "Yes," expected due date ___/___/___) *N/A* | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **4. Is anyone proposed for coverage now under medical observation or treatment other than as stated above?** | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

Please give details below if you answered "Yes" to any above questions.

| Quest. No. | Name of Person | Details (Name of condition, date of onset, duration; current treatment and condition, etc.) | Complete Names, Addresses and Phone Numbers of Physicians and Hospitals |
|---|---|---|---|
| le | Milon (Lyle) | Ulcer. 26 yr. History of Ulcer, Hospitilized 1989 2 days | Dr. Clark 354 Santa Fe Dr. |
| 2 | 3 days Scipps Hospital Encintas CA. Treated w/Zantac Only | | Encinitas CA 92064 |
| 2Afc. | Regular Check up with Dr. S. Clark Devonshire Dr. Encinitas CA. see Below | All Normal | |

RECEIVED
NOV 9 2007
CLAIMS

*NOTE: Dr. Clark Retired: Dr. Farsad to his place @ 477 El Camino Real, Encinitas CA 92024*

A634099NW1

5. **PROPOSED INSURED'S** Height _5_ ft. _16½_ in. Weight _220_ lbs. Weight loss in past year _O_ lbs.

6a. **PERSONAL PHYSICIAN** (☐ Check here if "none.") Name _DR. CHARLES CLARK_ _DEVONSINE ST_

Address _ENCINTAS CA._ (or) _310 SANTA FE_ _ENCINTAS CA. 92024_

b. Date and reason last consulted _2000 - CHECK UP NORMAL A:._

c. Treatment given or medication prescribed _(760) 943-9111)_

7a. **PROPOSED INSURED'S FAMILY HISTORY**       7b. **SPOUSE/ADDITIONAL INSURED'S FAMILY HISTORY**

| | Age if Living | Age at Death | Cause of Death | | Age if Living | Age at Death | Cause of Death |
|---|---|---|---|---|---|---|---|
| Father | | 67 | UNKNOWN | Father | | | |
| Mother | 78 | | | Mother | | | |
| Brothers/Sisters | 55-57 | | | Brothers/Sisters | | | |

**SPECIAL REQUESTS** _DR. FARSAD, TOOK OVER PRACTICE OF DR. CLARK WHO RETIRED. MAY NOT BEEN BY NEW DR. 477 No. EL CAMINO REAL YET._    _SUITE A100_    _ENCINITAS CA 92024_

## AUTHORIZATION AND AGREEMENT

I/we, the Proposed Insured(s), authorize any physician, medical practitioner, hospital, clinic or other medical or medically related facility, insurance or reinsuring company, the Medical Information Bureau, consumer reporting agency or employer, having information available as to diagnosis, treatment and prognosis with respect to any physical or mental condition and/or treatment of me or my minor children, and any other nonmedical information of me or my minor children, to give to Great American Life Insurance Company* or its legal representative or its reinsurers any and all such information. I/we also authorize any consumer reporting agency to prepare or procure an investigative consumer report on me or my minor children.

I/we understand the information obtained by use of the authorization will be used by Great American Life Insurance Company to determine eligibility for insurance and eligibility for benefits under an existing policy. Any information obtained will not be released by Great American Life Insurance Company to any person or organization EXCEPT to reinsuring companies, the Medical Information Bureau, or other persons or organizations, performing business or legal services in connection with my/our application, claim, or as may be otherwise lawfully required or as I/we may further authorize.

I/we know I/we may request to receive a copy of this authorization. I/we agree a photographic copy of this authorization shall be as valid as the original. I/we agree this authorization shall be valid for two and one-half years from the date shown below.

I/we, the Proposed Insured(s), represent the statements in Part I and Part II (if Part II is required by the Company) of this application are true and complete to the best of my/our knowledge and belief. It is agreed: (a) the only statements that are to be considered as the basis of the policy are those contained in the application or in any amendment to the application; (b) any prepayment made with this application will be subject to the provisions of the CONDITIONAL RECEIPT bearing the same date as this application; (c) if there is no prepayment made with this application, the policy will not take effect until the first premium is paid during the lifetime of the proposed insured and while his/her health and the facts and other conditions affecting his/her insurability are as described in Part I and Part II (if Part II Medical is required by the Company) of this application, and until the policy is delivered to the proposed owner; and (d) no one except the President, a Vice President or the Secretary can make, alter or discharge contracts or waive any of the Company's rights or requirements.

I/we acknowledge receipt of NOTICE OF INSURANCE INFORMATION PRACTICES attached hereto and hereby authorize preparation of an investigative consumer report.

**NOTICE:** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

Date _9/8/02_ City/State _SAN DIEGO, CA_   Signature X _____

Witness X _Richard E Levine_
_RICHARD E. LEVINE 100%_
Agent Name (Printed)     Code

Signature X _____
Spouse/Additional Insured if insurance applied for

Signature X _Margie A. Beck He_
Owner other than Proposed Insured
(Give title if signed on behalf of business)

Agent Name (Printed)     Code

General Agency _Richard E Levine_   Code

Agent Signature X _Richard E Levine_

To the best of your knowledge, does the policy applied for involve replacement in whole or in part of any existing life insurance or annuity? ☐ Yes ☒ No
If "Yes," have you complied with the appropriate replacement requirements? ☐ Yes ☒ No

A634099NW1

RECEIVED NOV 26 2002 CLAIMS

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GREAT AMERICAN LIFE INSURANCE COMPANY | MARJORIE ANN BROCK, an individual, MARJORIE ANN BROCK, as trustee of the BROCK FAMILY TRUST OF 1989, et al. |

| **(b)** County of Residence of First Listed Plaintiff <u>Hamilton, OH</u><br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant <u>San Diego, CA</u><br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Mitchell J. Popham (126194); Kelly S. Sinner (252515)<br>LOCKE LORD BISSELL & LIDDELL, LLP<br>300 S. Grand Avenue, 8th Floor<br>Los Angeles, CA 90071<br>(213) 485-1500 | Attorneys (If Known)<br><br>'08 CV 0291 WQH BLM |

'08 FEB 14 PM 12:20

FILED

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| ☐ 1 | U.S. Government<br>Plaintiff | ☐ 3 | Federal Question<br>(U.S. Government Not a Party) |
|---|---|---|---|
| ☐ 2 | U.S. Government<br>Defendant | ☒ 4 | Diversity<br>(Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury -<br>Med. Malpractice<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 875 Customer Challenge<br>12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br>Act<br>☐ 900Appeal of Fee Determination<br>Under Equal Access<br>to Justice<br>☐ 950 Constitutionality of<br>State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate<br>Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting<br>& Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | |
| | | **IMMIGRATION** | | | |
| | | ☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus -<br>Alien Detainee<br>☐ 465 Other Immigration<br>Actions | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>another district<br>(specify) | ☐ 6 Multidistrict<br>Litigation | ☐ 7 Appeal to District<br>Judge from<br>Magistrate<br>Judgment |
|---|---|---|---|---|---|---|

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332

Brief description of cause:
Interpleader and Injunctive Relief

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☐ Yes ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | (See instructions): | JUDGE <u>None Known</u> | DOCKET NUMBER <u>None Known</u> |
|---|---|---|---|

DATE
February 13, 2008

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_

**FOR OFFICE USE ONLY**

RECEIPT # 147665    AMOUNT $350   2/14/08 GH   APPLYING IFP   JUDGE   MAG. JUDGE

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
                                 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 147655    — BH

## February 14, 2008
## 12:16:07

## Civ Fil Non-Pris

USAO #.: 08CV0291 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: BC# 12668

## Total—>  $350.00

FROM: GREAT AMERICA LIFE INS. V. BRO
      CIVIL FILING