Mitchell J. Popham, SBN 126194
mpopham@lockelord.com
Kelly S. Sinner, SBN: 252515
ksinner@lockelord.com
**LOCKE LORD BISSELL & LIDDELL LLP**
300 South Grand, Suite 800
Los Angeles, CA  90071-3119
Telephone:    213.485.1500
Facsimile:     213.485.1200

Attorneys for Plaintiff
**GREAT AMERICAN LIFE INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MARJORIE ANN BROCK, an individual; MARJORIE ANN BROCK, as trustee of the BROCK FAMILY TRUST OF 1989; MARJORIE ANN BROCK, as trustee of the MILON L. BROCK AND MARJORIE ANN BROCK LIVING TRUST DATED DECEMBER 15, 2004; MARJORIE ANN BROCK, as executor of the ESTATE OF MILON LYLE BROCK; and DOES 1 through 10, Inclusive,<br><br>　　　　　　　　　Defendants. | CASE NO. 08cv0291 WQH BLM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DEPOSIT FUNDS**<br><br>Date:　　March 31, 2008<br>Time:　　11:00 a.m.<br>Place:　　Courtroom 4 (Fourth Floor)<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>[Filed concurrently with Notice of Motion and Motion, and Declaration of Kelly S. Sinner] |

　　　　Plaintiff Great American Life Insurance Company ("GALIC") submits the following Memorandum of Points and Authorities in support of its Motion to Deposit Funds.

///

///

///

1

Memo of Ps & As in Support of Motion to Deposit Funds

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  FACTUAL BACKGROUND

On February 14, 2008, GALIC initiated an action for interpleader, United States District Court for the Southern District of California Case No. 08cv0291 WQH BLM, against defendants Marjorie Ann Brock, an individual ("Owner"), Marjorie Ann Brock, in her capacity as Trustee for the Brock Family Trust of 1989 ("1989 Trust"), Marjorie Ann Brock, in her capacity as Trustee for the Milon L. Brock and Marjorie Ann Brock Living Trust dated December 15, 2004 ("2004 Trust"), Marjorie Ann Brock, in her capacity as Executor of the Estate of Milon Lyle Brock ("Estate"), and DOES 1 through 10, inclusive (collectively, "Defendants" or "Claimants") regarding a dispute over who should receive death benefits under a particular life insurance policy. GALIC filed the interpleader complaint (the "Complaint") pursuant to Federal Rules of Civil Procedure Rule 22 on the basis that Defendants' conflicting claims for the death benefits subject GALIC to the potential of multiple liability.

The subject life insurance policy, GALIC Policy No. EM2126794 ("policy"), issued with an effective date of December 10, 2002, provided a $1,000,000.00 (One Million Dollars) death benefit upon the death of Milon L. Brock, the decedent insured. The policy listed Marjorie Ann Brock as the owner of the policy, the 1989 Trust as the only primary beneficiary, and did not list any contingent beneficiaries. On or about September 7, 2007, the insured died, and now each of the Defendants either claims or has a potential claim to the death benefits under the policy. (*See* Complaint and attached exhibits).

As stated in the Complaint, GALIC is or may be exposed to multiple liability because of competing demands upon GALIC for the proceeds of the subject insurance policy including a demand by the 2004 Trust, a demand by the 1989 Trust, a contention by the 2004 Trust that it has withdrawn its claim, and potential demands by the Owner and the Estate.

In the Complaint, GALIC requested that the Court determine which of the Defendants, if any, should be entitled to the proceeds of the life insurance policy, which GALIC now seeks to deposit with the Court. GALIC claims no further interest in the policy proceeds, as described above and therefore brings this motion to deposit of those funds pursuant to Rule 67 of the Federal Rules of

Civil Procedure. Subsequent to this motion to deposit said funds with the Court, GALIC intends to file a motion and seek an order discharging GALIC from any further liability to any or all of the Defendants named herein under the allegations of the Complaint.

## II.  ARGUMENT

**Given That GALIC No Longer Claims An Interest In The Death Benefits Under The Policy, This Court Is Authorized To Permit GALIC To Deposit The Life Insurance Proceeds With The Clerk Of The District Court.**

Federal Rules of Civil Procedure Rule 67 ("Rule 67") provides a means for depositing the funds at issue with the court. In pertinent part, Rule 67 provides as follows: "If any part of the relief sought is … the disposition of a sum of money … a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money…. The depositing party must deliver to the clerk a copy of the order permitting deposit." Fed. R. Civ. P. 67(a).

Accordingly, in an interpleader action brought pursuant to Federal Rules of Civil Procedure Rule 22 ("Rule 22"),[1] Rule 67 authorizes a party—upon notice to every party and by leave of court—to deposit with the court the disputed funds pending the outcome of the case. Fed. R. Civ. P. Rule 67; *see e.g.*, *Bank of China v. Wells Fargo Bank & Union Trust Co.*, 209 F.2d 467, 473 (9th Cir. 1953) (stakeholder "could have served notice upon the other parties, disclaimed all interests in the moneys, and requested the court's permission to deposit the money into the registry of the court pursuant to Rule 67, Federal Rules of Civil Procedure, 28 U.S.C."); *Southtrust Bank of Florida, N.A. v. Wilson*, 971 F. Supp. 539, 542 (M.D. Fla. 1997) (ordering deposit of Rule 22 interpleader funds into the Court's registry pursuant to Rule 67).

Here, GALIC, in good faith, initiated a interpleader action pursuant Rule 22 in an effort to avoid the prospect of multiple liability. In its Complaint initiating the action, GALIC advised the District Court that it no longer claimed an interest in the death benefits due under the policy. Also, all of the Claimants benefit by GALIC's filing of an interpleader action which serves to facilitate an early determination of the ownership of the stake on which GALIC's interpleader action is based. *See Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984).

---

[1] Rule 22 provides, in pertinent part, as follows: "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."

1  Accordingly, pursuant to Rule 67, GALIC now files this Motion to Deposit Funds with the Court in accordance with GALIC's previously filed interpleader Complaint against Defendants. Because GALIC desires to deposit said proceeds and let the Court determine which Defendants, if any, are entitled to the insurance proceeds, GALIC respectfully requests that this Court grant GALIC's Motion to Deposit the death benefits due under the policy with the Clerk of the Court.

## III. CONCLUSION

For all of the foregoing reasons, GALIC respectfully request that the Court grant GALIC's Motion to Deposit Funds representing the face value of the death benefits due under the policy along with any unprocessed premium, unapplied cash, and accrued interest.

Dated: February 26, 2008

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP


By:  s/Mitchell J. Popham
      Mitchell J. Popham
      Kelly S. Sinner
Attorneys for Plaintiff **GREAT AMERICAN LIFE INSURANCE COMPANY**

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA, 90071-3119**