Mitchell J. Popham, SBN 126194
mpopham@lockelord.com
Kelly S. Sinner, SBN: 252515
ksinner@lockelord.com
**LOCKE LORD BISSELL & LIDDELL LLP**
300 South Grand, Suite 800
Los Angeles, CA  90071-3119
Telephone:    213.485.1500
Facsimile:    213.485.1200

Attorneys for Plaintiff
**GREAT AMERICAN LIFE INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MARJORIE ANN BROCK, an individual; MARJORIE ANN BROCK, as trustee of the BROCK FAMILY TRUST OF 1989; MARJORIE ANN BROCK, as trustee of the MILON L. BROCK AND MARJORIE ANN BROCK LIVING TRUST DATED DECEMBER 15, 2004; MARJORIE ANN BROCK, as executor of the ESTATE OF MILON LYLE BROCK; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. 08cv0291 WQH BLM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DEPOSIT FUNDS**<br><br>Date:    March 31, 2008<br>Time:    11:00 a.m.<br>Place:   Courtroom 4 (Fourth Floor)<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Plaintiff Great American Life Insurance Company ("GALIC") submits the following Memorandum of Points and Authorities in Reply to Defendants' Opposition to GALIC's Motion to Deposit Funds.

///

///

///

1

Memo of Ps & As in Reply to Defendants' Opposition to Plaintiff's Motion to Deposit Funds
08cv0291 WQH BLM

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

GALIC appropriately and in good faith initiated an interpleader action, pursuant to Federal Rules of Civil Procedure Rule 22 ("Rule 22"), against Marjorie Ann Brock, an individual and listed owner of the subject life insurance policy ("Owner"), Marjorie Ann Brock, in her capacity as Trustee for the Brock Family Trust of 1989 which is listed as the only beneficiary to the subject life insurance policy ("1989 Trust"), Marjorie Ann Brock, in her capacity as Trustee for the Milon L. Brock and Marjorie Ann Brock Living Trust dated December 15, 2004 ("2004 Trust"), Marjorie Ann Brock, in her capacity as Executor of the Estate of Milon Lyle Brock ("Estate") (collectively "Defendants") in an effort to avoid the prospect of multiple liability over certain death benefits due under a life insurance policy described in GALIC's initial Motion papers. GALIC reiterates that it no longer claims *any* interest in the death benefits due under the policy, but that it also has the right to protect itself against the prospect of potential multiple liability regarding the death benefits by filing the interpleader action and now the Motion to Deposit Funds.

In their opposition to GALIC's Motion, Defendants cite no authorities supporting their contention that GALIC's Motion should be denied and that GALIC should not be allowed to deposit the funds in question with the Court, nor do Defendants provide any evidence or support whatsoever regarding their claim that GALIC does not face any potential of conflicting claims relating to the proceeds or that GALIC's interpleader action, which is expressly permitted by Rule 22, is somehow premature and/or unnecessary. Accordingly, pursuant to Federal Rule of Civil Procedure Rule 67 ("Rule 67"), GALIC seeks to *immediately* deposit the death benefits due under the policy with this Court. Additionally, GALIC reserves its right to recover attorney's fees as an award of such fees is appropriate to a disinterested stakeholder such as GALIC in an interpleader action.

## II. ARGUMENT

### A. Given That GALIC Faces The Prospect Of Multiple Liability And No Longer Claims An Interest In The Death Benefits Under The Policy, GALIC Should Be Entitled To Deposit The Life Insurance Proceeds With The District Court.

Interpleader is the vehicle which a party, such as an insurer, invokes to protect itself from the prospect of multiple liability. Interpleader is proper where a stakeholder has a *bona fide* fear of

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

multiple prospective claims concerning the same property. *State Farm Fire & Cas. Co. v. Tashire*, 386, U.S. 523, 532 (1967); *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999); *New York Life Ins. Co. v. Lee*, 232 F.2d 811, 814-815 (9th Cir. 1956). A party who commences an action for interpleader pursuant to Rule 22 may seek and obtain an order to deposit the funds on which the interpleader action is based with the district court pursuant to Rule 67.

Here, GALIC initiated an interpleader action and now in good faith seeks to deposit the funds at issue with the Court in an effort to avoid the prospect of multiple liability. In its complaint initiating the action, GALIC advised the Court that GALIC is or may be exposed to multiple liability because of competing demands upon GALIC for the proceeds of the subject life insurance policy, including a demand by the 2004 Trust, a demand by the 1989 Trust, a contention by the 2004 Trust that it has withdrawn its claim, and potential demands by the Owner and the Estate. Defendants' opposition provides absolutely no evidence to the contrary.

Additionally, despite Defendants' contention that "Mrs. Brock remains the only person entitled to the life insurance policy proceeds," Defendants fail to point out to the Court that Mrs. Brock represents four *different* interests: (1) Mrs. Brock as an individual (i.e., as Owner); (2) Mrs. Brock as Trustee of the 1989 Trust; (3) Mrs. Brock as Trustee of the 2004 Trust; and, (4) Mrs. Brock as Executor of the decedent/insured's Estate. Thus, the interpleader action is not premature because of conflicting demands on the subject life insurance proceeds and the potential for multiple liability arising from these four different interests.

Furthermore, while Defendants' actual or potential claims to the death benefits under the life insurance policy are conflicting, GALIC *does not* claim any interest in the deposited funds. Again, in their opposition, Defendants neither dispute this fact, nor provide any evidence to the contrary. Moreover, Defendants have not provided the Court with any authorities whatsoever supporting their claim that GALIC does not have the right to file an interpleader action or deposit the subject funds with the Court now that the interpleader action, pursuant to Rule 22, has been filed.

Thus, GALIC now seeks to immediately deposit funds which it no longer claims an interest in with this Court pursuant to Rule 67 and in accordance with GALIC's previously filed interpleader Complaint against Defendants.

**B.    An Award Of Attorney's Fees To A Plaintiff Such As GALIC Is Appropriate In An Interpleader Action Where, As Here, A Disinterested Stakeholder Sought Interpleader To Protect Itself From Multiple Litigants.**

Additionally, although not germane to this Motion, GALIC would like to point out that, because interpleader is the vehicle which an insurer like GALIC must use to protect itself from the prospect of multiple liability, attorney's fees are appropriate. It would be inequitable to make such a disinterested stakeholder bear the expense of protecting itself from multiple litigants. *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193-194 (9th Cir. 1962). Accordingly, even though the issue of attorney's fees is not relevant to this Motion, attorney's fees are appropriate, and GALIC reserves any and all rights to recover such fees at the appropriate time.

## III.   CONCLUSION

Therefore, because GALIC initiated an interpleader action in good faith to avoid the prospect of multiple liability arising from Defendants' current and potential competing claims over certain death benefits due under a particular life insurance policy, and considering that GALIC claims no further interest in these death benefits, GALIC respectfully requests that this Court grant GALIC's Motion to Deposit Funds representing the face value of the death benefits due under the policy along with any unprocessed premium, unapplied cash, and accrued interest.

Dated: March 24, 2008                    Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By:   s/ Kelly S. Sinner
        Mitchell J. Popham
        Kelly S. Sinner
Attorneys for Plaintiff **GREAT AMERICAN LIFE INSURANCE COMPANY**

LA 596544v.1