1  DAVID R. CLARK, ESQ. (Bar No. 081675)
   drclark@higgslaw.com
2  HIGGS, FLETCHER & MACK LLP
   401 West "A" Street, Suite 2600
3  San Diego, CA 92101-7913
   TEL: 619.236.1551
4  FAX: 619.696.1410

5  Attorneys for All Defendants

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARJORIE ANN BROCK, an individual; MARJORIE ANN BROCK, as trustee of the BROCK FAMILY TRUST OF 1989; MARJORIE ANN BROCK, as trustee of the MILON L. BROCK AND MARJORIE ANN BROCK LIVING TRUST DATED DECEMBER 15, 2004; MARJORIE ANN BROCK, as executor of the ESTATE OF MILON LYLE BROCK; and DOES 1-10, inclusive, ,<br><br>Defendants. | CASE NO. 08cv0291 WQH BLM<br><br>**ANSWER BY ALL DEFENDANTS TO PLAINTIFF'S COMPLAINT FOR INTERPLEADER AND INJUNCTIVE RELIEF**<br><br>Before the Honorable:<br>United States District Judge<br>William Q. Hayes |

///
///
///
///
///
///

855562.1

## I.

## ANSWER

All Defendants, Marjorie Ann Brock, an individual; Marjorie Ann Brock, As Trustee Of The Brock Family Trust of 1989; Marjorie Ann Brock, as Trustee Of The Milon L. Brock and Marjorie Ann Brock Living Trust Dated December 15, 2004; and Marjorie Ann Brock, as Executor of The Estate of Milon Lyle Brock (hereinafter, "All Defendants"), appear in this action and answer, allege and assert their affirmative defenses to the allegations contained in the Complaint for Interpleader and Injunctive Relief filed by Plaintiff (hereinafter, the "Complaint"), as follows:

1.  Answering the allegations contained in Paragraph No. 1 of the Complaint, All Defendants allege that it contains legal conclusions to which no response is required, but to the extent that these allegations require a response, All Defendants deny them.

2.  Answering the allegations contained in Paragraph No. 2 of the Complaint, All Defendants are informed and believe that the allegations therein contained are true, and on that basis admit them.

3.  Answering the allegations contained in Paragraph No. 3 of the Complaint, All Defendants admit them.

4.  Answering the allegations contained in Paragraph No. 4 of the Complaint, All Defendants admit them.

5.  Answering the allegations contained in Paragraph No. 5 of the Complaint, All Defendants admit them.

6.  Answering the allegations contained in Paragraph No. 6 of the Complaint, All Defendants admit them.

7.  Answering the allegations contained in Paragraph No. 7 of the Complaint, All Defendants allege that it contains legal conclusions to which no response is required, but to the extent that these allegations require a response, All Defendants deny them.

8.  Answering the allegations contained in Paragraph No. 8 of the Complaint, All

Defendants admit them, but allege that there is no truly actionable claim or controversy actually in existence.

9. Answering the allegations contained in Paragraph No. 9 of the Complaint, All Defendants admit them.

10. Answering the allegations contained in Paragraph No. 10 of the Complaint, All Defendants admit them.

11. Answering the allegations contained in Paragraph No. 11 of the Complaint, All Defendants are informed and believe that the allegations therein contained are true, and on that basis admit them.

12. Answering the allegations contained in Paragraph No. 12 of the Complaint, All Defendants admit them.

13. Answering the allegations contained in Paragraph No. 13 of the Complaint, All Defendants deny them and further allege that All Defendants are one and the same person and are immediately entitled to all proceeds of the policy, without reduction for any costs or fees incurred by Plaintiff, and all accrued interest, and that there are no "conflicting demands."

14. Answering the allegations contained in Paragraph No. 14 of the Complaint, All Defendants allege that it contains legal conclusions to which no response is required, but to the extent that these allegations require a response, All Defendants deny them.

15. Answering the allegations contained in Paragraph No. 15 of the Complaint, All Defendants respond that they are currently without sufficient information or knowledge as to the truth and falsity of all such allegations, and therefore must necessarily deny all such allegations.

16. Answering the allegations contained in Paragraph No. 16 of the Complaint, All Defendants respond that they are currently without sufficient information or knowledge as to the truth and falsity of all such allegations, and therefore must necessarily deny all such allegations.

17. Answering the allegations contained in Paragraph No. 17 of the Complaint, All Defendants respond that they are currently without sufficient information or knowledge as to the truth and falsity of all such allegations, and therefore must necessarily deny all such allegations.

18. Answering the allegations contained in Paragraph No. 18 of the Complaint, All Defendants respond that they are currently without sufficient information or knowledge as to the truth and falsity of all such allegations, and therefore must necessarily deny all such allegations.

19. Answering the allegations contained in Paragraph No. 19 of the Complaint, All Defendants respond that they are currently without sufficient information or knowledge as to the truth and falsity of all such allegations, and therefore must necessarily deny all such allegations.

20. Answering the allegations contained in Paragraph No. 20 of the Complaint, All Defendants allege that it contains legal conclusions to which no response is required, but to the extent that these allegations require a response, All Defendants deny them.

21. Answering the allegations contained in Paragraph No. 21 of the Complaint, All Defendants allege that it contains legal conclusions to which no response is required, but to the extent that these allegations require a response, All Defendants deny them.

22. Answering the allegations contained in Paragraph No. 22 of the Complaint, All Defendants deny them.

23. Answering the allegations contained in Paragraph No. 23 of the Complaint, All Defendants deny them.

24. Answering the allegations contained in Paragraph No. 24 of the Complaint, All Defendants respond that they are currently without sufficient information or knowledge as to the truth and falsity of all such allegations, and therefore must necessarily deny all such allegations.

25. Answering the allegations contained in Paragraph No. 25 of the Complaint, All Defendants deny them.

## II.

### FIRST AND SEPARATE AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Relief)**

26. As a first and separate affirmative defense to Plaintiff's Complaint and to each and every allegation set forth therein, All Defendants allege that the Complaint fails to state facts sufficient to constitute a claim or cause of action upon which relief can be granted.

///

855562.1    4

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER BY ALL DEFENDANTS TO PLAINTIFF'S COMPLAINT

## III.

## SECOND AND SEPARATE AFFIRMATIVE DEFENSE

### (Estoppel)

27. As a second and separate affirmative defense to Plaintiff's Complaint and to each and every allegation set forth therein, All Defendants allege that Plaintiff, by its own acts and omissions occurring at times relevant to this action, is estopped from bringing the claims asserted and/or any recovery must be reduced.

## IV.

## THIRD AND SEPARATE AFFIRMATIVE DEFENSE

### (Waiver)

28. As a third and separate affirmative defense to Plaintiff's Complaint and to each and every allegation set forth therein, All Defendants allege that Plaintiff has waived any and all claims or other rights, if any, that Plaintiff may have ever had against any one or all of All Defendants.

## V.

## FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

29. As a fourth and separate affirmative defense to Plaintiff's Complaint and to each and every allegation set forth therein, All Defendants allege that any recovery by Plaintiff sought in the Complaint would constitute unjust enrichment of the Plaintiff, so any such recovery should be barred or disgorged.

## VI.

## FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

### (Setoff)

30. As a fifth and separate affirmative defense to Plaintiff's Complaint and to each and every allegation set forth therein, All Defendants allege that if Plaintiff recovers at all as against any one or more of All Defendants, such Defendant would be entitled to a setoff against any such recovery by the greater amount of damages which Plaintiff owes to such Defendant.

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

855562.1                                   5

ANSWER BY ALL DEFENDANTS TO PLAINTIFF'S COMPLAINT

## VII.

### SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

### (Premature and Unnecessary)

31. As a sixth and separate affirmative defense to Plaintiff's Complaint and to each and every allegation set forth therein, All Defendants allege that any relief sought by Plaintiff, including interpleader, attorneys' fees, costs or anything else, is premature, baseless and unnecessary, since there were not and will not be any "conflicting claims" to the subject life insurance policy proceeds now due and payable as a result of the death of the deceased husband. All of the policy proceeds were due to the widow, Marjorie Ann Brock, regardless of her capacities identified by Plaintiff in its Complaint, since she is one and the same person.

## VIII.

### SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

32. As a seventh and separate affirmative defense to Plaintiff's Complaint and to each and every allegation set forth therein, All Defendants allege that the damages, costs and/or attorneys' fees, if any, allegedly sustained by Plaintiff have been caused or aggravated as a result of its failure to exercise reasonable diligence to mitigate its damages, if any, and All Defendants' liability, if any, must be limited to the amount of damages, if any, that would have been sustained if Plaintiff had exercised reasonable diligence and appropriately mitigated its damages, if any.

## IX.

### EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

33. As an eighth and separate affirmative defense to Plaintiff's Complaint and to each and every allegation set forth therein, All Defendants allege that they currently have insufficient knowledge or information upon which to determine whether or not additional affirmative defenses may be available to them which have not yet been asserted in this Answer and, therefore, reserve the right to assert additional affirmative defenses based upon subsequent discovery.

WHEREFORE, All Defendants, having fully answered each, every and all of the allegations of Plaintiff's Complaint for interpleader and injunctive relief and having asserted their affirmative defenses, pray for judgment against the Plaintiff, request that the Court dismiss the Complaint with prejudice, pray that the Court release all proceeds of the subject insurance policy without offset to All Defendants and with all accrued interest, grant judgment for All Defendants and against Plaintiff for all costs and expenses of suit, including an award of reasonable attorneys' fees, and pray for such other and further relief as the Court may deem just and proper under the circumstances.

DATED: April 22, 2008                               HIGGS, FLETCHER & MACK LLP


By:   /s/ David R. Clark
      DAVID R. CLARK, ESQ.
      One of the Attorneys for All Defendants
      MARJORIE ANN BROCK ET AL.