# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN LIFE INSURANCE COMPANY,<br><br>                Plaintiff,<br>  vs.<br>MARJORIE ANN BROCK, an individual; MARJORIE ANN BROCK, as trustee of the BROCK FAMILY TRUST OF 1989; MARJORIE ANN BROCK, as trustee of the MILON L. BROCK AND MARJORIE ANN BROCK LIVING TRUST DATED DECEMBER 15, 2004; MARJORIE ANN BROCK, as executor of the ESTATE OF MILON LYLE BROCK; and DOES 1 through 10, Inclusive,<br><br>                Defendants. | CASE NO. 08cv291 WQH (BLM)<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion to Deposit Funds (Doc. # 4) filed by Plaintiff Great American Life Insurance Company.

## **Background**

      On February 14, 2008, Plaintiff Great American Life Insurance Company ("Plaintiff") filed the Complaint (Doc. # 1) for interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure, and for injunctive relief. The Complaint alleges that Plaintiff insured decedent Milon L. Brock ("Decedent") with a policy that had a death benefit amount of

$1,000,000.00 ("Policy"). *Complaint,* ¶11. The Complaint alleges that the death benefits under the Policy became due and payable on or about September 7, 2007, when Decedent died. The Complaint alleges that Plaintiff is in possession and control of the death benefits due under the Policy. *Id.* ¶¶ 11-12.

The Complaint alleges that Plaintiff "brings this action for interpleader pursuant to Federal Rules of Civil Procedure . . . Rule 22 in that the defendants' conflicting claims and interests subject [Plaintiff] to multiple liability. *Id.* ¶ 14. The Complaint alleges "a dispute over who should receive death benefits under" the Policy among the following party-Defendants: Marjorie Ann Brock, an individual; Marjorie Ann Brock, in her capacity as Trustee for the Brock Family Trust of 1989; Marjorie Ann Brock, in her capacity as Trustee for Milon L. Brock and Marjorie Anne Brock Living Trust dated December 15, 2004; Marjorie Ann Brock, in her capacity as Executor of the Estate of Milon Lyle Brock; and DOES 1-10. *Id.* ¶ 1. The Complaint alleges that Defendants' demands and potential demands for the death benefits due under the policy are conflicting, including: "a demand by the 2004 Trust, a demand by the 1989 Trust, a contention by the 2004 Trust that it has withdrawn its claim, and potential demands by the Owner and the Estate." *Id.* ¶ 13.

The Complaint requests that the Court order Defendants to interplead and litigate their claims relating to the death benefits under the Policy; discharge Plaintiff from liability with respect to the death benefits under the Policy; enjoin any pending or future proceedings against Plaintiff relating to this matter; and award Plaintiff costs and reasonable attorneys' fees.

On February 26, 2008, Plaintiff filed the Motion to Deposit Funds. Plaintiff seeks to deposit the face value of Decedent's death benefits due under the Policy along with any unprocessed premium, unapplied cash, and accrued interest "pursuant to Rule 67 . . . and in accordance with the interpleader Complaint against Defendants." *Mot. to Deposit,* p. 4. On March 17, 2008, Defendants filed an Opposition to the Motion to Deposit Funds (Doc. # 11). On March 24, 2008, Plaintiff filed a Reply to Defendants' Opposition (Doc. # 13).

On April 22, 2008, Defendants filed an Answer to the Complaint (Doc. # 15). Defendants deny the allegations in the Complaint that this is an appropriate interpleader action

on grounds that there are no conflicting claims under the Policy. Defendants state that "[a]ll Defendants are one and the same person and are immediately entitled to all proceeds of the policy, without reduction for any costs or fees incurred by Plaintiff, and all accrued interest, and that there are no 'conflicting demands.'" *Answer,* ¶ 13.

## **Analysis**

Plaintiff contends that it is entitled to deposit the proceeds from the Policy with the Court "given that [Plaintiff] faces the prospect of multiple liability and no longer claims an interest in the death benefits under the policy." *Mot. to Deposit,* p. 2. Plaintiff contends that the interpleader action is not premature because Marjorie Ann Brock represents four different interests. *Id.* at 3. Plaintiff contends that "even though the issue of attorney's fees is not relevant to this Motion, attorney's fees are appropriate, and [Plaintiff] reserves any and all rights to recover such fees at the appropriate time." *Reply,* p. 4.

Defendants contend that this interpleader action is premature because Marjorie Ann Brock is the "only person entitled to the life insurance policy proceeds" such that "[t]here were and are no 'conflicting' claims to the life insurance policy proceeds now due." *Opposition,* p. 2-3. Defendants contend that "the Motion to Deposit Funds should either be denied or entered conditionally without prejudice to Mrs. Brock's ability to contest any subsequent motion for fees and costs." *Id.* at 2. Defendants state that "if the motion is granted and the funds are deposited with the court, Mrs. Brock wishes to go on record and advise the court that she will resist and oppose any future motion for fees and costs by plaintiff or its counsel of record." *Id.* at 3.

Rule 22 of the Federal Rules of Civil Procedure provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a). Interpleader is appropriate if the stakeholder-plaintiff has "a real and reasonable fear of double liability or vexatious, conflicting claims." *Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.* 985 F.2d 677, 679 (2d Cir. 1993). This "danger need not be immediate; any possibility of having to pay more than is justly due, no matter how improbable or remote, will suffice. At least, it is will settled that an

insurer with limited contractual liability who faces claims in excess of his policy limits is 'exposed' within the intendment of Rule 22." *Atlas Corp. v. Marine Insurance Co., Ltd.,* 155 F.R.D. 454, 462 (S.D.N.Y. 1994) (quoting *Pan Am. Fire & Casualty Co. v. Revere,* 188 F. Supp. 474, 480 (E.D. La. 1960). Interpleader is a "remedial" device to be "liberally construed." *State Farm & Casualty Co v. Tashire,* 386 U.S. 523 (1967).

In an interpleader action, "the stakeholder of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Insurance Co. of North America,* 980 F.2d 1261, 1265 (9th Cir. 1992). Although Rule 22 does not require that the stakeholder deposit the funds with the court, "the general equitable powers of the court permit, if not invite, the court to receive a deposit and thereafter discharge the stakeholder." *General Accident Group v. Gagliardi,* 593 F. Supp. 1080, 1087 (D. Conn. 1984). Pursuant to Rule 67 of the Federal Rules of Civil Procedure,

> [i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a).

Plaintiff's liability is limited to the proceeds due under the Policy. Plaintiff asserts that the four named Defendants as well as Doe Defendants may have claims to the proceeds due under the Policy. Plaintiff may face claims in excess of the Policy. For example, more than one Defendant may potentially claim entitlement to the full amount of proceeds due under the Policy. The Court concludes that this interpleader action is not premature because Plaintiff has "a real and reasonable fear of double liability or vexatious, conflicting claims" regarding the proceeds under the Policy. *Washington Elec. Coop., Inc.,* 984 F.2d at 679; *see also Atlas Corp.,* 155 F.R.D. at 462. The Court permits Plaintiff to deposit the proceeds of the Policy with the Court.[1]

---

[1] In the present Motion to Deposit Funds, Plaintiff does not request attorney's fees and costs.

## **Conclusion**

IT IS HEREBY ORDERED that the Motion to Deposit Funds (Doc. # 4) is **GRANTED**.

DATED: May 14, 2008

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge